SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Heather E. Horn (SBN 318242)
hhorn@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
T.J. Maxx of CA, LLC , and
The TJX Companies, Inc.
.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA RAMIREZ, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE TJX COMPANIES, INC., a Delaware Corporation; TJ MAXX OF CA, LLC, a Virginia Corporation; YOLANDA SANDOVAL; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANTS T.J. MAXX OF CA, LLC, AND THE TJX COMPANIES, INC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[*Filed Concurrently With Declaration Of Joan Meltzer In Support; Declaration Of W. Alex Koch In Support; Declaration Of Heather E. Horn In Support; Corporate Disclosure Statement; Notice Of Interested Parties; Civil Cover Sheet; and Certificate of Service]*<br><br>[Removed from the County of Orange, Case No. 30-2023-01326441-CU-WT-NJC]<br><br>Date Action Filed:   May 19, 2023<br>Trial Date:   None Set |

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND ........................................................................................ 1

II.   TIMELINESS OF REMOVAL .............................................................. 3

III.  PROCEEDINGS IN STATE COURT .................................................. 3

IV.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ........... 4

    A.    Plaintiff Is A Citizen Of California ............................................. 4

    B.    Defendant "The TJX Companies, Inc." Is Not A Citizen of California ......... 5

    C.    Defendant "T.J. Maxx of CA, LLC," Is Not A Citizen Of California ........... 6

        1.    NBC Operating, LP, Is Not A Citizen Of California ........... 7

        2.    NBC GP, LLC Is Not a Citizen Of California ................. 8

        3.    NBC Trust Is Not A Citizen Of California ................. 8

    D.    Doe Defendants May Be Disregarded ......................................... 9

    E.    Defendant Yolanda Sandoval is Not a Citizen of California .......... 9

    F.    Defendant Yolanda Sandoval is A Sham Defendant .................... 9

        1.    Conduct Allegedly Carried Out By Defendant Yolanda Sandoval ........ 11

        2.    Defendant Sandoval Is A Sham Defendant Because The Lack Of Severe Or Pervasive Conduct Precludes Personal Liability On Her Workplace Harassment Claim ........ 13

V.    AMOUNT IN CONTROVERSY .......................................................... 15

VI.   VENUE .................................................................................................... 22

VII.  NOTICE OF REMOVAL ...................................................................... 22

VIII. RESERVATION OF RIGHTS .............................................................. 22

IX.   PRAYER FOR REMOVAL .................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Balisteri v. Pacifica Police Dep't*,
901 F.2d 696 (9th. Cir. 1990) ................................................................................ 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................... 10

*Brill v. Countrywide Home Loans, Inc.*,
427 F.3d 446 (7th Cir. 2005) ................................................................................. 16

*Carden v. Arkoma Assocs.*,
494 US 185, 110 S.Ct. 1015 (1990) ......................................................................... 6

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998) ....................................................................... 15

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
325 F.2d 785 (9th Cir. 1963) ........................................................................... 15, 20

*Davis v. HSBC Bank Nevada, N.A.*,
557 F.3d 1026 (9th Cir. 2009) ............................................................................. 5, 6

*Dodson v. Spillada Maritime Corp.*,
951 F.2d 40 (5th Cir. 1992) ..................................................................................... 9

*Fristoe v. Reynolds Metals, Co.*,
615 F.2d 1209 (9th Cir. 1980) .................................................................................. 9

*Fritsch v. Swift Transportation Company of Arizona, LLC*,
899 F.3d 785 (9th Cir. 2018) ................................................................................. 17

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998) .................................................................. 15, 17, 20

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ................................................................................. 15

*Grupo Dataflux v. Atlas Global Grp., LP*,
541 US 567 (2004) ................................................................................................... 6

ii

*Hardin v. Wal-Mart Stores, Inc.*,
No. CIV-F-08-0617 AWI, 2012 WL 691707 (E.D. Cal., Mar. 2, 2012)...................14

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .....................................................................................4

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) ...................................................................................4

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) .....................................................................17

*Kenny v. Wal-Mart Stores, Inc.*,
881 F.3d 786 (9th Cir., Feb. 1, 2018) ........................................................................3

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005) ...................................................................................17

*Labastida v. McNeil Technologies, Inc.*
(S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169 .............17

*Lewis v. Time, Inc.*,
83 F.R.D. 455 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).....................10

*Matheson v. Progressive Specialty Ins. Co.*,
319 F.3d 1089 (9th Cir. 2003) .................................................................................17

*McCabe v. Gen. Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) ...........................................................................10, 12

*Meritor Savings Bank v. Vinson*,
477 U.S. 57 (1986)...................................................................................................13

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001) ...............................................................................9, 10

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)...................................................................................................3

*Ritchey v. Upjohn Drug Co.*,
139 F.3d 1313 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998) .......................9, 10

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
720 F.3d 1121 (9th Cir. 2013) ...................................................................................3

iii

*Sanchez v. Monumental Life Ins.*,
   102 F.3d 398 (9th Cir. 1996) ........................................................................ 15, 16

*Singer v. State Farm Mut. Auto Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) .................................................................................. 16

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ................................................................................... 4

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
   538 U.S. 408 (2003) ................................................................................................ 21

*The Hertz Corp. v. Friend*,
   130 S. Ct. 1181 (2010) ......................................................................................... 5, 6

*Toth v. Guardian Indus. Corp.*,
   2012 WL 468244 (E.D. Cal. Feb. 13, 2012) ........................................................ 10

*V & M Star, LP v. Centimark Corp.*,
   596 F.3d 354 (6th Cir. 2010) ................................................................................... 7

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ............................................................................... 15

*Ward v. Cadbury Schweppes Bottling Grp.*,
   2011 WL 7447633 (C.D. Cal.) ............................................................................... 21

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
   2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ..................................... 20

*Fisher v. San Pedro Peninsula Hospital*,
   214 Cal. App. 3d 590 (1989) ................................................................................. 13

*Hughes v. Pair*,
   46 Cal. 4th 1035 (2009) ......................................................................................... 14

*Janken v. GM Hughes Elecs.*,
   46 Cal. App. 4th 55 (1996) .................................................................................... 13

*Lane v. Hughes Aircraft Co.*,
   22 Cal. 4th 405 (2000) ........................................................................................... 21

iv

*Lyle v. Warner Bros. Television Prods.*,
  38 Cal. 4th 264 (2006) ................................................................... 14

*Mokler v. County of Orange*,
  157 Cal. App. 4th 121 (2007) ......................................................... 14

*Reno v. Baird*,
  18 Cal. 4th 640 (1998) .......................................................... 11, 13, 14

**Federal Statutes**

28 U.S.C. 1332(c)(1) ............................................................................ 6

28 U.S.C. § 84 (c) ............................................................................... 22

28 U.S.C. § 1332 ............................................................................. 1, 9

28 U.S.C. § 1332(a) ........................................................................... 15

28 U.S.C. § 1332(a)(1) .................................................................... 4, 21

28 U.S.C. § 1332(c)(1) ..................................................................... 5, 6

28 U.S.C. § 1441(a) .................................................................. 1, 4, 9, 22

28 U.S.C. § 1441(b) ............................................................................. 1

28 U.S.C. § 1446 ................................................................................. 3

28 U.S.C. § 1446(a) ........................................................................... 22

28 U.S.C. § 1446(b) ............................................................................. 3

28 U.S.C. § 1446(d) ........................................................................... 22

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................. 10

**Regulations**

FAC., ¶ ¶ 30, 37, 43, 51, 59 Exh. A ........................................................... 19

v

**Other Authorities**

*Aboulida v. GACN Inc.*,
2013 WL 811991 (Los Angeles Sup. Ct.) ...............................................................21

*Carroll v. Armstrong*,
34-2012-00135527-CU-OE-GDS, 2016 WL 7094518 (Sacramento
County Sup. Ct. Aug. 10, 2016) .............................................................................18

*Crawford v. DIRECTV, Inc.*,
2010 WL 5383296 (Los Angeles County Sup. Ct.) ................................................20

*Denenberg v. Cal. Dep't of Transp.*,
2006 WL 5305734 (San Diego County Sup. Ct.).....................................................20

*DFEH v. County of Riverside*,
2003 WL 24304125 (Riverside County Sup. Ct.) ....................................................19

*Hawkins v. City of Los Angeles*,
2016 WL 8649664 (Los Angeles County Sup. Ct. Jun. 17, 2016)...........................18

*Hoeper v. City and County of San Francisco*,
CGC-15-543553, 2017 WL 1136098 (San Francisco County Sup. Ct.
Mar. 17, 2017)........................................................................................................18

*Leimandt v. Mega RV Corp.*,
2011 WL 2912831 (Orange County Sup. Ct.)..........................................................19

*Sargent v. Board of Trustees of Cal. State Univ.*,
2017 WL 2617753 (Sonoma County Sup. Ct. Mar. 15, 2017)..................................18

*Silverman v. Stuart F. Cooper Inc.*,
2013 WL 5820140 (Los Angeles Sup. Ct.) .............................................................19

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
2013 WL 7852947 (Los Angeles County Sup. Ct.) ................................................19

*Watson v. Janssen Pharmaceuticals Inc. et al.*,
Case No. BC696761 (November 9, 2022 verdict).....................................................18

*Welch v. Ivy Hills Corp.*,
2011 WL 3293268 (Los Angeles County Sup. Ct.) ................................................19

vi

*Whithorn v. City of West Covina*,
    Los Angeles Superior Court, Case No. 20STCV08916 (May 5, 2023
    verdict) ..................................................................................................... 18

*Young v. Dept. of Public Social Servs.*,
    Case No. BC609911 (October 26, 2022 verdict)........................................... 18

DEFENDANT THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ALEJANDRA RAMIREZ AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants T.J. Maxx of CA, LLC, and The TJX Companies, Inc. (collectively, "Defendants") hereby file this notice of removal pursuant to 28 U.S.C. sections 1332, and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to remove the above-captioned action from the Superior Court for the County of Orange to the United States District Court for the Central District of California, and state that the removal is proper for the following reasons:

## I.      BACKGROUND

1.      On May 19, 2023, Plaintiff Alejandra Ramirez, ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Orange, entitled "*ALEJANDRA RAMIREZ, an individual Plaintiff, vs. THE TJX COMPANIES, INC., a Delaware Corporation; YOLANDA SANDOVAL; and DOES 1-20, Defendants,*" designated as Case No. 30-2023-01326441-CU-WT-NJC ("Complaint").

2.      The Complaint alleges five causes of action: (1) "Disability Discrimination and Harassment"; (2) "Failure to Accommodate Disability; (3) "Failure to Engage in the Interactive Process"; (4) "Gender Discrimination and Harassment"; (5) "Retaliation." Plaintiff also asserts her First and Fifth Causes of Action for "Disability Discrimination and Harassment" and "Retaliation" against individual Defendant Yolanda Sandoval.

3.      On September 15, 2023, Plaintiff filed a First Amended Complaint ("FAC") naming Plaintiff's employer, T.J. Maxx of CA, LLC, a Virginia Limited Liability Company. A true and correct copy of the First Amended Complaint is attached to the Declaration of Heather E. Horn in support of this Notice of Removal as **Exhibit A**.

4.      On September 28, 2023, Defendant The TJX Companies, Inc. received, via process server, the Summons, Complaint, First Amended Complaint, Civil Case Cover Sheet, Notice of Case Management Hearing, General Order, Stipulation Package, and Alternate Dispute Resolution Information Package. A true and correct copy of the packet

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

is attached to the Declaration of Heather E. Horn in support of this Notice of Removal as **Exhibit A**.

5. Additionally, counsel for Defendant retrieved from the Orange County Superior Court's website, the Proof of Service dated October 23, 2023, showing Defendant "The TJX Companies, Inc." was served, via process server on September 28, 2023. A true and correct copy of the Proof of Service is attached to the Declaration of Heather E. Horn in support of this Notice of Removal as **Exhibit B**.

6. As of the time of filing of the Notice of Removal, Defendant T.J. Maxx of CA, LLC, has not been served, but consents to the filing of this Notice of Removal.

7. As of the time of filing of the Notice of Removal, "Yolanda Sandoval" has also not been served.

8. On October 26, 2023, Defendants TJX Companies, Inc and T.J. Maxx of CA, LLC, timely filed their Answer to Plaintiff's Complaint in Orange County Superior Court. A true and correct copy of Defendants TJX Companies, Inc and T.J. Maxx of CA, LLC, Answer to Plaintiff's Complaint is attached the Horn Decl. as **Exhibit C**.

9. As discussed in greater detail below, T.J. Maxx of CA, LLC, is a citizen of Virginia and Massachusetts. The TJX Companies, Inc is a citizen of Delaware and Massachusetts.

10. Plaintiff also names "Yolanda Sandoval." Ms. Sandoval's domicile is Colorado. Even if Defendant Sandoval was a California resident, she is a "sham" defendant, such that for purposes of diversity of citizenship jurisdiction, the individual defendant must be disregarded.

11. As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendants T.J. Maxx of CA, LLC, The TJX Companies, Inc., and Defendant Yolanda Sandoval are not citizens of California and the amount in controversy exceeds $75,000.00.

2

## II.    TIMELINESS OF REMOVAL

12.    The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)).

13.    This Notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon Defendant The TJX Companies, Inc.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

14.    Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through her counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Orange.

## III.    PROCEEDINGS IN STATE COURT

15.    Attached as **Exhibits A, B, and C** to the Declaration of Heather E. Horn are all of the pleadings in the Superior Court's record that have been served on Defendants, filed by Defendants or Plaintiff, or retrieved from the Court's records prior to the filing of this Notice of Removal. (Horn Decl., ¶ 2.)

16.    Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through her counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

**IV.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

17.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.    Plaintiff Is A Citizen Of California**

18.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

19.    Here, Plaintiff's allegation in the Complaint that she is a resident of the State of California is *prima facie* evidence of domicile, and therefore Plaintiff is a citizen of the State of California.  The Complaint alleges that, "Plaintiff is, and at all times mentioned herein was, a resident of Orange County, California."  (*See* **Ex. A**, FAC, ¶ 1.)

20.    In addition, Defendants' review of Plaintiff's personnel file and public records reveals that Plaintiff resides in California.  (Declaration of W. Alex Koch ("Koch Decl."), ¶ 5.)

21.    Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

4

**B.      Defendant "The TJX Companies, Inc." Is Not A Citizen of California**

22.      The TJX Companies, Inc is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

23.      The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** . . .  *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

24.      The TJX Companies, Inc is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware.  (Declaration of Joan Meltzer ("Meltzer Decl."), ¶ 5.)  Further, as shown below, The TJX Companies, Inc's principal place of business is, and has been at all times since this action commenced, located in the State of Massachusetts.  (*Id.* at ¶ 6.)

25.      Pursuant to *Davis*, 557 F.3d at 1029 and *The Hertz Corp.*, 130 S. Ct. at 1192, The TJX Companies, Inc's principal place of business is Massachusetts because its "nerve center" is located in that state.  The TJX Companies, Inc's corporate headquarters are located in Framingham, Massachusetts where The TJX Companies, Inc's high level officers direct, control, and coordinate its activities.  (Meltzer Decl., ¶ 6.) The TJX Companies, Inc's high level corporate officers maintain offices in Framingham,

5

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

Massachusetts, and many of The TJX Companies, Inc's corporate level functions are performed in the Framingham, Massachusetts offices. (*Id.*) Additionally, many of The TJX Companies, Inc's executive and administrative functions, including corporate finance and accounting, are directed from the Framingham, Massachusetts offices. (*Id.*)

26. Therefore, for purposes of diversity of citizenship, The TJX Companies, Inc is, and has been at all times since this action commenced, a citizen of the State of Delaware and Massachusetts and diversity exists between Plaintiff and The TJX Companies, Inc. 28 U.S.C. 1332(c)(1).

**C.   Defendant "T.J. Maxx of CA, LLC," Is Not A Citizen Of California**

27. T.J. Maxx of CA, LLC is now and, at all times since the commencement of this action has been, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). *See Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 559 U.S. at 92-93.

28. "A [ ] partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

29. Moreover, unincorporated associations such as limited liability companies and partnerships are also treated as "a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899; *see also Grupo Dataflux v. Atlas Global Grp., LP*, 541 US 567, 569 (2004) (same); *Carden v. Arkoma Assocs.*, 494 US 185, 195, 110 S.Ct. 1015, 1021 (1990) (same).

30. In this case, T.J. Maxx of CA, LLC is now, and ever since this action commenced has been, a limited liability company, organized under the laws of the State of Virginia. (Meltzer Decl., ¶ 7.) T.J. Maxx of CA, LLC a wholly owned subsidiary of The TJX Companies, Inc. ("TJX"). The TJX Companies, Inc's principal place of business is in Massachusetts because it is where its headquarters is located and where its high level officers direct, control and coordinate its activities. (*Id.* at ¶ 8.) Additionally,

6

the majority of The TJX Companies, Inc.'s executive and administrative functions are performed in or directed from the Framingham, Massachusetts office, including corporate finance, accounting, purchasing, marketing and information systems.  (*Id.*)

31.     Even if this Court were to consider the citizenship of T.J. Maxx of CA, LLC members, it is still <u>not</u> a citizen of California because, as discussed below, **none** of its members and sub-members—(1) NBC Operating, LP, and (2) NBC Trust—are a citizen of the State of California.  Thus, there is diversity between Plaintiff and T.J. Maxx of CA, LLC.

**1.     NBC Operating, LP, Is Not A Citizen Of California**

32.     At all times since Plaintiff commenced this lawsuit, T.J. Maxx of CA, LLC's sole member has been NBC Operating, LP, and it owns 100% of T.J. Maxx of CA, LLC. (Meltzer Decl. ¶ 9.)

33.     NBC Operating, LP, is a limited partnership that at all relevant times during this litigation was organized under the laws of the State of Delaware with its principal place of business in Massachusetts.  (*Id.* at ¶ 10-11.)  NBC Operating, LP's principal place of business is in Massachusetts because it is where its headquarters is located and where its high level officers direct, control and coordinate its activities.  (*Id.* at ¶ 11.)  Additionally, the majority of NBC Operating, LP's executive and administrative functions are performed in or directed from the Massachusetts office, including corporate finance, accounting, purchasing, marketing and information systems. (Meltzer Decl. ¶ 11.)

34.     Because NBC Operating, LP, is a partnership, the Court may also examine the citizenship of its members—NBC GP, LLC and NBC Trust—for purposes of establishing diversity jurisdiction.  *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) (When a member of a limited liability company is itself a partnership or association, "the federal court needs to know the citizenship of each 'sub-member' as well.").

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

35.    At all times since Plaintiff commenced this lawsuit, NBC Operating, LP's general partner has been NBC GP, LLC, a Delaware limited liability company, and its limited partner has been NBC Trust.  (Meltzer Decl. ¶ 12.) NBC Trust owns 100% of NBC Operating, LP.  (*Id.*)

### 2.    NBC GP, LLC Is Not a Citizen Of California

36.    NBC GP, LLC is a limited liability company that at all relevant times during this litigation was organized and existing under the laws of the State of Delaware. (Meltzer Decl. ¶ 13.)

37.    NBC GP, LLC's headquarters is located in Framingham, Massachusetts where its high level officers direct, control and coordinate its activities. (*Id.* at ¶ 14.) Additionally, the majority of NBC GP, LLC's executive and administrative functions are performed in or directed from the Framingham, Massachusetts offices, including corporate finance, accounting, purchasing, marketing and information systems.  (*Id.*)

38.    At all times since Plaintiff commenced this lawsuit, NBC GP, LLC's sole member has been NBC Trust, and it owns 100% of NBC GP, LLC. (*Id.* at 15.)

### 3.    NBC Trust Is Not A Citizen Of California

39.    At all times since Plaintiff commenced this lawsuit, NBC Operating, LP's limited partner has been NBC Trust, and it owns 100% of NBC Operating, LP. (Meltzer Decl. ¶ 12.)

40.    NBC Trust is a citizen for the State of Massachusetts because it is organized under the laws of the State of Massachusetts. (Meltzer Decl. ¶ 16.) NBC Trust's headquarters is located in Framingham, Massachusetts, where its high level officers direct, control, and coordinate its activities.  Additionally, the majority of NBC Trust's executive and administrative functions are performed in or directed from the Framingham, Massachusetts offices, including corporate finance, accounting, purchasing, marketing and information systems.  (*Id.* at 17.)

8

### D.    Doe Defendants May Be Disregarded

41.    Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants, 1-20, does not deprive this Court of jurisdiction.

### E.    Defendant Yolanda Sandoval is Not a Citizen of California

42.    Defendant Sandoval is now and, at all times since the commencement of this action has been, a citizen of a State other than California. (Horn Decl., ¶ 4, **Ex. E**.) In addition, Defendant Sandoval's domicile in Colorado is also confirmed by a LexisNexis public records search through October 26, 2023.  This search shows that, Defendant Sandoval has had an address in Colorado since 2019.  Additionally, during the relevant period of May 1, 2023 to present, the LexisNexis records do not show addresses for Defendant Sandoval other than in the State of Colorado since the commencement of this action or thereafter.  *Id*.

### F.    Defendant Yolanda Sandoval is A Sham Defendant

43.    Even if Defendant Sandoval was a California resident, she must still be disregarded for purposes of diversity because she is a sham defendant; that is, she cannot be found liable as a matter of law. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not possible prevail" on her claim against the resident defendant); *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (finding fraudulent joinder of non-diverse defendants where there was "no possibility that [plaintiff] would be able to establish a cause of action against them").

44.    Defendant Sandoval is a sham defendant because she has been fraudulently named.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)

9

("[F]raudulently joined defendants will not defeat removal on diversity grounds."), *cert. denied*, 525 U.S. 963 (1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

45.    Joinder of a defendant is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey*, 139 F.3d at 1318 ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.") (quoting *McCabe*, 811 F.2d at 1339)).

46.    When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham of fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

47.    The applicable standard parallels the standard used in deciding motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Morris*, 236 F. 3d. at 1067-68. As such, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (allegations must contain "plausible grounds to infer" that plaintiff is entitled to relief). Further, the claim fails where it lacks facts sufficient to support a cognizable legal theory. *Balisteri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th. Cir. 1990); *see also Toth v. Guardian Indus. Corp.*, 2012 WL 468244, at *5 (E.D. Cal. Feb. 13, 2012)

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

(motion for remand denied where defamation claim against individual defendant was insufficiently plead).

48.    Here, Plaintiff has fraudulently named Yolanda Sandoval– an individual supervisor – as a defendant to her First and Fifth Causes of Action for "Harassment" and "Retaliation."  However, the claim against Defendant Sandoval for several reasons: (1) the managerial privilege precludes personal liability on the harassment claim; and (2) the harassment claim fails because Plaintiff cannot establish that the conduct was severe or pervasive.

### 1.    Conduct Allegedly Carried Out By Defendant Yolanda Sandoval

49.    Because Plaintiff's claims for harassment are based solely on personnel decisions, Yolanda Sandoval, as a matter of law, cannot be liable.  As the California Supreme Court held in *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998), only employers are liable for the personnel management actions of their supervisors:

> By the inclusion of the "agent" language, the Legislature intended only to ensure that **employers** will be held liable if their supervisory employees take actions later found discriminatory, and that **employers** cannot avoid the liability by arguing that a supervisor failed to follow instructions or deviated from the employer's policy.

*Id.*  Thus, the Court held that "it is 'inconceivable' that the Legislature simultaneously intended to subject individual non-employers to the burdens of litigating such claims.  To so construe the statute would be 'incongruous' and 'would upset the balance' struck by the Legislature."  *Id*. at 651 (citations omitted).  The Court then cautioned that "if every personnel manager risks losing his or her home, retirement savings, hope of children's college education, etc., whenever he or she made a personnel management decision, management of industrial enterprises and other economic organizations would be seriously affected."  *Id*. at 652-653.  Moreover, the court in *Reno* defined harassment, and specifically excluded from that definition conduct which is part and parcel of a supervisory employee's job performance.  *Id.* at 645-46.

11

50.     Under the doctrine of managerial privilege, individual managers cannot be held personally liable for tort claims brought by other employees arising from actions taken within the course and scope of their managerial capacity. *McCabe*, 811 F.2d at 1339 (applying California law, the court held that plaintiff's tort claims against two individual managers failed as a matter of law because "[the managers'] actions, according to the complaint, had been in their managerial capacity . . . [and] ratified by [their employer] . . . . [I]t is clear that 'if an agent is motivated in part by a desire to benefit his principle,' his conduct is, under California law, privileged.") (citation omitted).

51.     Here, Plaintiff's allegations demonstrate that Defendant Sandoval's conduct cannot give rise to liability. The sum total of allegations raised by Plaintiff against Defendant Sandoval include:

a.     "Plaintiff received a call from her doctor's office who told her that the office had received a call from Plaintiff's Operations Manager Yolanda Sandoval demanding information about Plaintiff's accommodation request." (Ex. A ¶ 19)

b.     "Plaintiff's doctor wrote yet a fourth letter that included everything from the third letter. Plaintiff turned in this 4th letter to Sandoval.." (Ex. A ¶ 20)

c.     "Thereafter, Sandoval called Plaintiff's doctor's office several times to ask for more information about Plaintiff's accommodation directly. Plaintiff's doctor complained about the information requests as overly burdensome and the information had already been provided from prior doctor's notes." (Ex. A ¶ 21)

52.     There are no facts pled that show how Defendant Sandoval treated Plaintiff differently on the basis of her disability or that any such treatment led to Plaintiff being terminated, beyond the allegations cited above.

12

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

53. Further, as a matter of law, personnel management decisions are not harassment. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64 (1996) ("harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. . . . [C]ommonly necessary personnel management actions . . . do not come within the meaning of harassment"); *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998) (concluding that "the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment") (quoting *Janken*, 46 Cal. App. 4th at 64).

54. Here, any decision made by Defendant Sandoval related to Plaintiff's termination involved personnel actions directly related to her management duties. These alleged actions directly pertain to personnel management and do not come within the meaning of harassment. *See Reno*, 18 Cal. 4th at 646 ("personnel management actions, such as hiring and firing, . . . promotion or demotion, performance evaluations, . . . and the like, do not come within the meaning of harassment").

> **2. Defendant Sandoval Is A Sham Defendant Because The Lack Of Severe Or Pervasive Conduct Precludes Personal Liability On Her Workplace Harassment Claim**

55. The conduct attributed to Defendant Sandoval by Plaintiff cannot support a claim for harassment. None of the conduct alleged by Plaintiff is severe or pervasive enough, as a matter of law, to constitute unlawful harassment.

56. Plaintiff must prove she was subjected to harassing conduct because of her disability that was sufficiently severe or pervasive so as to alter the conditions of her employment. *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608 (1989). The gravamen of a harassment claim is that, to be actionable, the conduct at issue is so severe or pervasive as to create an abusive working environment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986). "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted

13

pattern of harassment of a repeated, routine or a generalized nature." *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 142 (2007).

57.    Defendant Sandoval's conduct cannot be considered severe because there was no physical threat or harm. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1049 (2009) (summary judgment affirmed for the employer; "employment law acknowledges that an isolated incident of harassing conduct may qualify as 'severe' when it consists of a physical assault or threat thereof"); *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 284 (2006) (same).

58.    Further, Defendant Sandoval's conduct cannot be considered severe or pervasive because even repeated instances of verbal abuse, profane language, and threats of job loss are insufficient. *See e.g., Hughes*, 46 Cal. 4th at 1049 (summary judgment affirmed for the employer; a supervisory employee threatened plaintiff's job and plaintiff was told "I'll get you on your knees eventually. I'm going to fuck you one way or another;" "Most reasonably construed, defendant's comment was a threat … of financial retaliation").

59.    Plaintiff's cause of action is a textbook example of what harassment is **not**. The conduct Plaintiff claims to be "harassment" is too trivial to be actionable. *See, e.g., Reno v. Baird,* 18 Cal. 4th 640, 646-47 (1998); *Hardin v. Wal-Mart Stores, Inc.,* No. CIV-F-08-0617 AWI, 2012 WL 691707 at * 18 (E.D. Cal., Mar. 2, 2012) ("Personnel management actions commonly necessary to carry out the duties of business and personnel management, and thus outside the purview of harassment, include 'hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions' and decisions regarding meetings.").

60.    Plaintiff's allegations of personnel management decisions, such as termination for falsifying a doctor's note, hardly meets the necessary standard. As such, what Plaintiff claims to be harassment falls short of being adequately "severe or pervasive."

14

## V.    AMOUNT IN CONTROVERSY

61.    While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

62.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

63.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

64.    Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

15

### A.     <u>Plaintiff's Claims Otherwise Exceed 75,000</u>

65.     Courts routinely find removal appropriate in employment discrimination and retaliation cases, even when the alleged lost wages do not exceed the jurisdictional amount at the time of the removal, because of the possibility of substantial punitive damages, emotional distress damages and attorneys' fee awards.

66.     The amount in controversy requirement is satisfied because "it is more likely than not" that Plaintiff's claims exceed the jurisdictional minimum based on the allegations in Plaintiff's Complaint. *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted). Therefore, Defendant needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Id*.

67.     Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Defendants), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Although Plaintiff does not pray for a specific dollar amount, in her Complaint, she alleges five (5) claims for: (1) "Disability Discrimination and Harassment"; (2) "Failure to Accommodate Disability; (3) "Failure to Engage in the Interactive Process"; (4) "Gender Discrimination and Harassment"; (5) "Retaliation." Plaintiff claims general and special damages, including, but not limited to, wages, interest, costs, expenses, discrimination and retaliation, and emotional distress damages. (*See* **Exh. A**, FAC, ¶¶ 29, 31, 36, 38, 42, 44, 50, 52, 58, and 60; Prayer ¶1-5). Thus, it is more likely than not that the amount-in-controversy for Plaintiff's claims exceed $75,000, as demonstrated below.

16

68.    In establishing the amount in controversy, this burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id*. at 1204-05. When determining whether a civil action exceeds the $75,000 jurisdictional amount in controversy requirement, the Court looks to "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *Labastida v. McNeil Technologies, Inc*. (S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169, at *3.  The Court must presume the plaintiff will prevail on each and every one of her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")).  Accordingly, general, special, compensatory, and punitive damages, and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation.  *See, e.g., Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. [citations]"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." (citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998));  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155, 1156 (9th Cir. 1998).

**B.    Lost Earnings and Other Employment Benefits**

69.    At the time of her separation, Plaintiff earned $15.44 per hour.  (Koch Decl., ¶ 5.)  Given that Plaintiff alleges that she was terminated on June 25, 2019, she has already incurred over four years and four months of lost compensation to date.  (Ex. A, FAC ¶ 22.)  Plaintiff's approximate annual income would be at least $28,100.80,

17

based on the calculation of $15.44 (hourly rate) x 35 (average hours per week in the year prior to termination) x 52 weeks.  Accordingly, Plaintiff has already incurred at least **$121,049.60** of lost compensation (hourly rate of $15.44 X 35 hours per week X 224 weeks (June 25, 2019 to October 26, 2023)).

70.    Based on Plaintiff's allegations, should Plaintiff prevail, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in discrimination, retaliation, and wrongful termination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See, e.g.*, *Hoeper v. City and County of San Francisco*, CGC-15-543553,  2017 WL 1136098 (San Francisco County Sup. Ct. Mar. 17, 2017) ("jury found for the plaintiff and awarded her $601,630 in past lost earnings, $136,318 in future lost earnings, and $1,291,409 for emotional distress, mental anguish and humiliation"); *Sargent v. Board of Trustees of Cal. State Univ.*, 2017 WL 2617753 (Sonoma County Sup. Ct. Mar. 15, 2017) ("jury found in favor of Sargent on his whistleblower retaliation claim, awarding him $152,980 in past economic damages, $118,915 in future economic damages"); *Carroll v. Armstrong*, 34-2012-00135527-CU-OE-GDS, 2016 WL 7094518 (Sacramento County Sup. Ct. Aug. 10, 2016) ("jury found for the plaintiff and awarded her $481,225.00 for past lost earnings, $932,200 for future lost earnings, $681,103 for future pension plan benefits, and $750,000 for emotional distress, pain and suffering"); *Hawkins v. City of Los Angeles*, 2016 WL 8649664, VX541066, (Los Angeles County Sup. Ct. Jun. 17, 2016) (plaintiff "was awarded $88,531 in economic damages and $150,000 in non-economic damages"); *Watson v. Janssen Pharmaceuticals Inc.et al.*, Case No. BC696761 (November 9, 2022 verdict) ($873,215 on plaintiff's claims for disability discrimination and retaliation in violation of FEHA based on protected CRFA entitlement); *Young v. Dept. of Public Social Servs.*, Case No. BC609911 (October 26, 2022 verdict) ($3,500,000 verdict on plaintiff's claims for retaliation in violation of FEHA and whistleblower retaliation.); *Whithorn v. City of West Covina*, Los Angeles Superior Court, Case No. 20STCV08916 (May 5, 2023 verdict) ($4,145,595 verdict on plaintiff's

18

claims for age discrimination, disability discrimination, retaliation for taking medical leave, and wrongful termination for taking medical leave for his disabilities).Plaintiff's allegations that she was discriminated against and terminated because of an alleged disability are similar to the issues in these cases.

71.    Defendants have attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

### C.    Emotional Distress Damages

72.    Plaintiff's Complaint alleges that he suffered "emotional distress" (*See* Exh. A, FAC., ¶ ¶ 30, 37, 43, 51, 59.)  Plaintiff further alleges Defendant's acts were deliberate and intentional and caused Plaintiff "humiliation, mental anguish, and emotional distress." *Id* at 50 and 58.  Plaintiff's claims for these emotional distress damages adds thousands of dollars to the amount in controversy.  A review of jury verdicts in California demonstrates emotional distress awards in discrimination cases commonly exceed $75,000.  *E.g.*, *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles County Sup. Ct.) (award of $1,250,000 for pain and suffering in discrimination case); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Welch v. Ivy Hills Corp.*, 2011 WL 3293268 (Los Angeles County Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in age discrimination action); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury award of $300,000 in emotional distress damages for failure to accommodate claim)

73.    Plaintiff's allegations of emotional distress are similar to the issues raised in these cases.  Defendants have attached these verdicts as **Exhibit G** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

19

### D.    Attorney's Fees and Costs Also Could Exceed $75,000

74.    Plaintiff claims that she is entitled to attorneys' fees and costs. . (*See* Horn Decl.,Ex. A, FAC, Relief, at ¶4 ). Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

75.    Courts have also awarded far in excess of $75,000.00 in attorneys' fees in cases involving employment-related claims.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims).

76.    Defendants have attached these verdicts as **Exhibit H** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

77.    Defendants anticipate depositions being taken in this case, and that ultimately, Defendants will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000.00 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000.00 if the case proceeds to trial.  (Horn Decl., ¶ 5.)

### E.    Punitive Damages

78.    Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Davenport*, 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law). (*See* Ex. A, FAC, ¶ ¶31, 38, 44, 50, 52, 58, 60; Relief, ¶ 3.)

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

79.    Plaintiff's employer, Defendant T.J. MAXX of CA, LLC, is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant."). In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors. . . ." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

80.    Courts have affirmed jury verdicts in cases with claims similar to Plaintiff's claims often exceed $75,000, especially when they include punitive damages, which Plaintiff also seeks. *See, e.g., Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

81.    Based upon the allegations contained in the Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendants, and the matter in controversy between the parties is in excess of $75,000.00, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

21

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

## VI.    VENUE

82.    Venue lies in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446 (a), and 84(c).  This action originally was brought in the Superior Court of California, County of Orange, which is located within the Central District of the State of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VII.    NOTICE OF REMOVAL

83.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Orange.

84.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

85.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A, B, C, and D** to the concurrently filed Declaration of Heather E. Horn.

## VIII.  RESERVATION OF RIGHTS

86.    By filing this Notice of Removal, Defendants do not concede nor waive any defense to this action.

## IX.    PRAYER FOR REMOVAL

87.    WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

22

DEFENDANTS T.J. MAXX OF CA, LLC AND THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

DATED: October 30, 2023

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Heather E. Horn

Jonathan L. Brophy
Heather E. Horn
Attorneys for Defendants
T.J. Maxx of CA, LLC and The TJX
Companies, Inc.

23